375 S.E.2d 788

**BROWNIE'S, INC.**

v.

**PUBLIC SERVICE COMMISSION OF WEST VIRGINIA and Movers World of West Virginia**

**and**

**O.J. WHITE TRANSFER, et al.**

v.

**PUBLIC SERVICE COMMISSION OF WEST VIRGINIA and Movers World of West Virginia.**

**No. 18386.**

Supreme Court of Appeals of West Virginia.

Nov. 30, 1988.

Homer W. Hanna, Jr., Hanna and Elliott, J.A. Bibby, Jr., Bibby & Good, Charleston, for Brownie's Inc., et al.

Brooks E. Smith, Smith and Smith, Morgantown, for O.J. White, et al

Michael A. Albert, John Philip Melic, Jackson and Kelly, Charleston, for Movers World.

Raymond Keener, III, Public Service, Charleston, for Public Service Com'n.

PER CURIAM:

This is an appeal by O.J. White Transfer and Storage Company, Inc., and others, from an order of the Public Service Commission granting Movers World of West Virginia, Inc. a statewide certificate as a common carrier of household goods. In the present proceeding the appellants claim that there was no substantial evidence in the record justifying the granting of a statewide certificate and that, in view of

this, the granting of the certificate was improper. After reviewing the record this Court agrees and reverses the decision of the Public Service Commission.

On January 8, 1986, Movers World of West Virginia, Inc. filed an application with the Public Service Commission for a certificate to operate as a common carrier in the transportation of household goods in West Virginia. Fifteen competitive existing certified motor carriers of household goods for hire, including the appellants, intervened and opposed the entry of Movers World as a competitor.

The matter was submitted to a hearing examiner and eight days of hearings were conducted. At the conclusion of the hearings the hearing examiner, by decision dated April 10, 1987, denied the application on the ground that Movers World had not established a *prima facie* case that public convenience and necessity required the proposed service.

On April 27, 1987, Movers World filed exceptions to the examiner's decision. The Public Service Commission considered the decision, the exceptions, and the record made in the case, and on September 18, 1987, reversed the hearing examiner's decision and granted Movers World's application. The Commission found that the hearing examiner had not properly characterized the testimony of Movers World's three public witnesses, that the public convenience and necessity would be served by the granting of the certificate, and the appellants, who were intervenors, had failed to rebut Movers World's case.

In the present proceeding the appellants' claim that the Commission erred in reversing the hearing examiner's ruling. They also claim that there was no substantial evidence of record to support the granting of a statewide certificate to Movers World.

In *Mountain Trucking Co. v. Daniels*, 156 W.Va. 855, 197 S.E.2d 819 (1973), this Court indicated that lack of adequate evidence in a record to support an action of the Public Service Commission would justify a reversal of the Commission's order. The Court specifically stated in syllabus point 2:

A final order of the Public Service Commission, based upon findings not supported by the evidence, will be reversed and set aside by this Court upon review.

In this state *West Virginia Code*, 24A–2–5, authorizes the Public Service Commission to issue a certificate of convenience and necessity only if it finds from evidence adduced at a public hearing that the public convenience and necessity require the proposed service or a part thereof. That Code section also provides that before granting a certificate to a common carrier the Public Service Commission shall take into consideration existing transportation facilities in the territory for which the certificate is sought and, if it finds from the evidence that the service furnished by the existing transportation facilities is reasonably efficient and adequate, the certificate should not be granted.

During the public hearings in the case presently under consideration Movers World, to support its application, called five witnesses. The first, Bennie Joe Brown, the President of U–Haul Company of West Virginia and of Movers World, testified that his company had the physical facilities, the financial backing, and the experience to operate in West Virginia. He indicated that the company would initially operate from six locations in St. Albans, Charleston, Huntington, Beckley, Parkersburg, and Clarksburg, and that if demand increased, it could establish additional offices.

The second witness for Movers World, Sergeant Paul E. Rogers of the West Virginia Department of Public Safety, was responsible for the procurement of moving services for the Department of Public Safety. He indicated that the Department was required by State law to obtain three bids for every moving service obtained. Over the two years prior to the date of his testimony, the Department had relocated ten officers who obtained the services of full service movers. Eight of those ten officers obtained three bids, and two were unable to do so. Sergeant Rogers testified that household moving services had been

difficult to obtain for five and one-half years. Even the officers who were successful in obtaining three bids had to go through a search for certified carriers, often having to travel outside their own counties to obtain those services. Also, even the officers who were able to obtain three bids were dissatisfied with the availability of service and the inconvenience of obtaining bids.

The third witness for Movers World was Jerry Rubin, a disabled employee of Smith Transfer Corporation. Mr. Rubin had been an over-the-road commercial truck driver for seventeen years, and he had moved his own household in central West Virginia on several occasions since 1978. The first move was from Kanawha City to Loudendale in Kanawha County in 1978. For that move he used Dunbar Transfer Company. Mr. Rubin testified that he was dissatisfied with the service because Dunbar Transfer Company was able to serve him only after a thirty-day wait. He was also dissatisfied because the company had refused a claim for a damaged refrigerator. For his latest move he had to use U–Haul because none of the certified carriers listed in the Charleston telephone directory could serve him any earlier than thirty days, and some required as long as six weeks.

The next witness for Movers World was Stephen A. Martin of the West Virginia Army Air National Guard. He indicated that he had moved forty to fifty times in his life because of his connection with the Air Force. His family had moved to or from Boone, Putnam, Kanawha, Nicholas, Pocahontas, and Greenbrier Counties in West Virginia. He testified that his family was dissatisfied with one of the intervenors because of the manner in which it had stored goods, that he was familiar with Movers World's services, and that he believed the proposed service would be beneficial.

The final witness for Movers World was James Lucas, a U–Haul employee and the moving services manager for Movers World. He discussed the moving procedures used by Movers World and its hiring of employees.

To counter Movers World's assertion that it should be granted a certificate of convenience and necessity, the appellants presented seventeen witnesses, thirteen of whom were interested-party witnesses and five of whom were public witnesses. The thirteen interested witnesses testified that they believed that all needs were being met. Mr. Stephen Heastor, the first of the public witnesses, testified that he was satisfied with the service provided by one of the appellants in moving his business, but indicated that he had never used a certified motor carrier for household goods. The other witnesses, Trooper Mike Trupo, Rev. George Lake, Mr. Mitch Scott, and Ms. Carolyn Price, testified that they were all satisfied with three carriers used in separate moving incidents.

A careful review of the evidence presented in this proceedings shows that there is a lack of testimony relating to the statewide need and necessity for the issuance of an additional statewide certificate to Movers World of West Virginia, Inc. It is true that to justify its need Movers World adduced the testimony of five witnesses. However, two of those witnesses, Joe Brown and James Lucas, did not discuss the availability of statewide service. Instead, they focused on the character of Movers World's operation and its proposal and plans for operating as a statewide common carrier. Three witnesses did address the question of need. The first of those witnesses, Sergeant Paul E. Rogers, indicated that on a number of occasions three movers were unavailable to make bids on each move required by the Department of Public Safety. He also suggested that service was difficult to obtain. The thrust of his testimony was that three movers were unavailable for each required move. The real issue before the Public Service Commission was not whether three bids were available, but whether the area which Movers World proposed to serve, the entire State of West Virginia, was being adequately served.

The second witness who testified regarding need, Stephen A. Martin, focused on the fact that he was dissatisfied with the

way that one mover had stored his family's goods. Again, this evidence was inadequate to establish the statewide need for an additional carrier.

The final witness for Movers World, Jerry Rubin, testified as to service rendered in 1978, eight years prior to the time Movers World filed its application with the Public Service Commission. He also indicated that he more recently had had difficulty in obtaining the services of a carrier in the Charleston area. Mr. Rubin's testimony, while it suggested that there might be problems in the Charleston area, did not establish the statewide need for an additional common carrier.

Contradicting the testimony of Movers World witnesses were five witnesses called on behalf of the intervenors. All of these witnesses indicated that they had been satisfied with the service that they had received in separate moving incidents.

Under *W.Va.Code*, 24A–2–5, it is necessary that public convenience and necessity require a proposed service or part thereof before the Public Service Commission may properly issue a certificate of convenience and necessity.

This Court believes that when the totality of the evidence in the case presently under consideration is examined, it is inconclusive as to character of service presently being offered statewide in the State of West Virginia and is inadequate to support the issuance of a statewide certificate of convenience and necessity. That essentially is the same conclusion reached by the hearing examiner in this case.

Because, in this Court's opinion, the issuance of a statewide certificate of convenience and necessity was not supported by the evidence, under the rule in syllabus point 2 of *Mountain Trucking Co. v. Daniels, supra,* the decision of the Public Service Commission should be reversed.

The order of the Public Service Commission granting Movers World of West Virginia, Inc. a statewide certificate as a common carrier of household goods is, therefore, reversed.

REVERSED.