379 S.E.2d 399

John B. TINCHER, Jr., d/b/a
Ray's Baggage Delivery

v.

PUBLIC SERVICE COMMISSION OF
WEST VIRGINIA and Charles T. Bess,
d/b/a 24–Hour Baggage Delivery.

No. 18661.

Supreme Court of Appeals of
West Virginia.

April 6, 1989.

---

Thomas N. Hanna, Charleston, for John B. Tincher, Jr.

Ronald E. Robertson, Jr., Public Service Comm., Charleston, for Public Service and Charles T. Bess d/b/a 24 Hour Baggage Delivery.

PER CURIAM.

This is an appeal by John B. Tincher, Jr., d/b/a Ray's Baggage Delivery, from an order of the Public Service Commission granting Charles T. Bess,[1] d/b/a 24–Hour Baggage Delivery, a certificate of public convenience and necessity to operate as a common carrier to transport baggage, packages, and items weighing less than 100 pounds from Yeager Airport, Kanawha County, West Virginia, to points and places in West Virginia.[2] The appellant contends that there was insufficient evidence presented to justify the issuance of the certificate. After reviewing the record, we agree; therefore, we reverse.

## I.

On February 9, 1987, Charles T. Bess, d/b/a 24–Hour Baggage Delivery, filed an application for a certificate of public convenience and necessity to operate as a common carrier in the transportation of baggage, packages, and items from Yeager Airport to places in West Virginia.[3] A hearing was held on the application on March 18, 1987. The appellant and Kanawha Valley Cab Paratransit, Inc. appeared in protest to the application.

Following the hearing, an administrative law judge issued a recommended decision which granted the certificate requested by the appellee. In an order dated March 22, 1988, the Public Service Commission affirmed that decision. A petition for reconsideration was filed by the appellant on April 1, 1988, and on May 25, 1988, the Public Service Commission denied the petition. It is from this adverse decision that the appellant appeals.

"W.Va.Code, 24A–2–5, authorizes the Public Service Commission to issue a certificate of convenience and necessity only if it finds from evidence adduced at the public hearing that the public convenience and necessity require the proposed service or a part thereof." *Brownie's Inc. v. Public Service Comm'n of West Virginia,* 180 W.Va. 156, 375 S.E.2d 788 at 789 (1988). In ascertaining whether a certificate should be issued, W.Va.Code § 24A–2–5 (1986) requires the Commission:

> [to] take into consideration existing transportation facilities in the territory for which a certificate is sought, and in case it finds from the evidence that the service furnished by existing transportation facilities is reasonably efficient and adequate, the commission shall not grant such certificate.

*See Brownie's, Inc. v. Public Service Comm'n of West Virginia, supra.*

At the hearing, the appellee presented the testimony of three airline representatives whose airlines serve Yeager Airport. According to their testimony, there are five carriers available for the airport. These include: (1) the appellant; (2) Kanawha Valley Cab Paratransit, Inc.; (3) C & H Taxi; (4) Kanawha Valley Air Freight; and

---

**1.** It is unclear from the record whether Mr. Bess' middle initial is "R" or "T".

**2.** The order of the Commission read, in pertinent part, as follows:

1. A certificate of public convenience and necessity designated P.S.C. M.C. Certificate No. F–6734 be, and it hereby is, granted to Charles R. Bess, doing business as 24–Hour Baggage Delivery, Charleston, Kanawha County, authorizing operations as a common carrier by motor vehicle in the transportation of baggage, packages and items weighing less

than 100 pounds from Yeager Airport, Kanawha County, to points and places in West Virginia. All shipments will begin at Yeager Airport, Kanawha County.

**3.** When a customer arrives at the airport without his luggage—i.e., because the luggage has been lost—the airline arranges a delivery with a common carrier. An airline representative calls one of the common carriers, who picks up the luggage at the airport and delivers it to the customer.

(5) Ted Wolfe. All three airlines currently use the appellant's service for short hauls and Kanawha Valley Air Freight for long hauls.[4] The airline representatives testified that they used Kanawha Valley Cab Paratransit, Inc., C & H Taxi, and Ted Wolfe as backup carriers. Furthermore, the representatives testified that they had never had any problem getting their baggage delivered, except during a thirty-day period after the appellant's insurance company had gone bankrupt and the appellant had difficulty obtaining other insurance. During this time, the airlines used the services of the taxi companies and bore the associated expense. These witnesses testified that an additional common carrier was desirable because the taxi companies charged a higher rate for baggage delivery than the other common carriers[5] and because Mr. Wolfe was undependable.

The appellant presented the testimony of Michael Price, an employee for Comair at Yeager Airport, and James Murray, the manager of Kanawha Valley Cab Company. Mr. Price testified that Comair uses Ray's Baggage Delivery and has never had any problems with that company, other than when the appellant did not have insurance. During that brief period, Comair used C & H Taxi for local deliveries and Kanawha Valley Air Freight for long hauls. Mr. Price testified that the services provided by all three companies were satisfactory.

Mr. Murray, the manager of Kanawha Valley Cab Company, testified that his company provided taxi, limousine, and baggage delivery service from Yeager Airport. Mr. Murray testified that his company is interested in the baggage delivery business, and has the necessary manpower and vehicles. Specifically, Kanawha Valley Cab rents three parking spaces at the airport and has a vehicle stationed at the airport to meet all incoming planes. Moreover, the company has a direct telephone line at the airport which is available for public use. Kanawha Valley Cab Company provides baggage delivery service on a twenty-four hour basis, seven days per week.

The appellant testified that his business consists of three operating vehicles, two full-time employees, a phone line in his home and a paging service. His total gross revenue for 1986 was $50,000. The appellant testified that if the requested certificate was granted, he would have to cut his business down to a one man operation and he would not be able to take any vacation.

In syllabus point 2 of *Mountain Trucking Company v. Daniels*, 156 W.Va. 855, 197 S.E.2d 819 (1973), this Court held: "A final order of the Public Service Commission, based upon findings not supported by the evidence, will be reversed and set aside by this Court upon review." In the instant matter, all witnesses agreed that the existing baggage delivery services were reasonably efficient and adequate to meet the needs of Yeager Airport. The witnesses' main concern was that the taxi companies charged a higher rate than the other baggage delivery companies. A need for additional services cannot be demonstrated solely because the applicant can provide the same services currently available, but at a lesser cost. Thus, pursuant to W.Va.Code § 24A–2–5, the certificate should not have been granted.

Accordingly, the order of the Public Service Commission granting Charles T. Bess, d/b/a 24–Hour Baggage Delivery, a certificate of public convenience and necessity as a common carrier for the transportation of baggage, packages, and items weighing less than 100 pounds is reversed.

Reversed.

---

**4.** The airlines use Kanawha Valley Air Freight for long hauls because it charges a freight rate as opposed to the mileage rate charged by the other common carriers.

**5.** The rates charged by the taxi companies are also regulated by the Public Service Commission. W.Va.Code 24A–2–4 (1986).